```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

BRENDA DUNCAN,

                    Plaintiff,              12-CV-6087(T)
v.                                          **DECISION**
                                            **and ORDER**
COOPERVISION, INC.,

                    Defendant.
_____
```

## INTRODUCTION

Plaintiff, Brenda A. Duncan ("Duncan"), brings this action pursuant to Title VII of the Civil Rights Act of 1964, (codified at 42 U.S.C. § 2000e) claiming that Defendant, CooperVision, Inc. ("CooperVision"), discriminated against her on the basis of her race, and in retaliation for her complaining of unlawful discrimination against her. Specifically, Plaintiff claims that she was denied promotions and advancement opportunities because of her race. She also claims that she was terminated from her employment because she is African American, and in retaliation for her complaints of workplace discrimination.

Defendant denies plaintiff's allegations and moves for summary judgment on grounds that plaintiff has failed to establish a prima facie case of discrimination or retaliation. Defendant further argues that even if Duncan has stated a prima facie case of discrimination, she has failed to demonstrate that CooperVision's reason for terminating her is pretextual.

For the reasons set forth below, Defendants' motions for summary judgment are granted, and Plaintiff's complaint is dismissed with prejudice.

**BACKGROUND**

In October 2006, Plaintiff, Brenda Duncan, became employed by Defendant, CooperVision, as an employee in the Distribution Department. CooperVision is a manufacturer and distributor of contact lenses. In October 2007, Plaintiff moved to the Packaging Department. Her position was Distribution Associate I ("Packaging Associate.") As a Packaging Associate, Plaintiff was responsible for routine activities in packaging lenses received at the Distribution Center. Plaintiff was one of thirteen individuals working third shift (from 11:00 p.m. to 7:30 a.m.) in the Packaging Department. The third shift employees reported to the Packaging Supervisor, who in turn reported to CooperVision's Director of Packaging Operations, Gary Viele.

In 2009, CooperVision rolled out a training and advancement program for the Packaging Department called the Job Level Progression ("JLP"). This replaced the previous, less formal, method of promotion in the department. All Packaging Associates, including Plaintiff, attended a slideshow explaining JLP. The slideshow outlined the steps that needed to be taken to move from a Level I Packaging Associate to a Level II Associate. The program required employees to be trained in five or more operations prior

2

to being eligible for advancement. Additionally, to be eligible to advance, an employee must meet additional criteria including having no active disciplinary actions pending. Plaintiff was aware of the requirements for advancement.

After the rollout of JLP, in October, 2010, Plaintiff spoke to her supervisor as well as the department trainer, and the Director of Packaging Operations, Viele, about wanting to advance to Level II. At that point, Plaintiff was on disciplinary action for attendance issues, and therefore would not be eligible for promotion until October 2011 (barring any further disciplinary actions). Additionally, Plaintiff was trained on only three operations, and thus would need to be trained on two more in order to be eligible for advancement. Plaintiff thereafter trained on her fourth operation, and CooperVision offered to have Plaintiff trained on her fifth operation by a temporary worker. Plaintiff, however, refused to be trained by a temporary employee as she preferred to be trained by a facility trainer.

In October 2010, Plaintiff also spoke to Viele about how she believed she saw preferential treatment in CooperVision promotions. She stated that it "didn't look right" and asked Viele to "work with [her]." She said nothing about race. Plaintiff had seen three employees get promoted before her, but none were promoted after the JLP rollout. Additionally, none were on active discipline when promoted.

CooperVision employs a progressive model of corrective management to address employee deficiencies. For attendance problems, CooperVision utilizes corrective action automatically if the employee has more than six unexcused absences in twelve months. The first step of discipline is counseling. This remains active for six months. If there is another attendance or performance problem during this six months, the employee receives the next level of discipline, a written warning. Written warnings are active for twelve months. If there is another performance issue during the twelve months, a final written warning is issued. Any further occurrences while on a final warning (which runs for twelve months) results in immediate termination.

In June 2010, Plaintiff was given counseling for missing sixteen days of work in seven and a half months. In October 2010, Plaintiff was placed on a written warning for an unexcused absence resulting in three consecutive missed days of work. In December 2010, Plaintiff was issued a final written warning for failing to sign off on package labels (a production issue). In May 2011, CooperVision issued Plaintiff another warning for six unexcused absences in five months. On June 22, 2011, Defendant terminated Plaintiff for failing to initial, date, and sign off on labels.

## DISCUSSION

I.  <u>The Defendant's Motion for Summary Judgment</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "should be rendered if the pleadings, the

4

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the party against whom summary judgment is sought. Scott v. Harris, 550 U.S. 372, 380 (2007). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Scott, 550 U.S. at 380 (citing Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-587 (1986)).

    II.   Plaintiff has Failed to Establish a Claim for Failure to Promote and Discriminatory Termination

    A.   Legal Standard for Title VII Claims

Plaintiff alleges in her Complaint that she was discriminated against on the basis of her race in violation of Title VII of the Civil Rights Act of 1964, which prohibits an employer from "hir[ing] or . . . discharg[ing] any individual, or otherwise . . . discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin". 42 U.S.C. § 2000e-2.

Claims of employment discrimination are analyzed under the well-recognized burden shifting framework set forth in McDonnell

Douglas Corp. v. Green, 411 U.S. 792 (1973) and later refined in Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248 (1981) and St. Mary's Honor Center v. Hicks, 509 U.S. 502 (1993). Under the McDonnell Douglas test, the plaintiff bears the burden proving a prima facie case of discrimination. If the plaintiff succeeds in stating a prima facie case, the burden of production shifts to the defendant to state a legitimate, non-discriminatory reason for taking the employment action at issue. Should the employer meet that burden, the burden of production then shifts back to the plaintiff to show that the reasons proffered by the employer were not the true reasons for the adverse employment action, but instead were a pretext for discrimination, and that discrimination was the real reason. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 252-53 (1981); St. Mary's Honor Center v. Hicks, 509 U.S. 502-06 (1993).

Although the Second Circuit Court of Appeals has stated that "the burden that must be met by an employment discrimination plaintiff to survive a summary judgment motion at the *prima facie* stage is de minimis," Tomka v. Seiler Corp., 66 F.3d 1295 at 1308 (internal citations omitted), it has also noted that "[a] jury cannot infer discrimination from thin air." Norton v. Sam's Club, 145 F.3d 114 (2nd Cir.), cert. denied 119 S.Ct. 511 (1998).

    B.    Plaintiff's Failure to Promote Claims

To state a claim for failure to promote, a plaintiff must demonstrate that she: (1) is a member of a protected class; (2) was

6

qualified for the position for which she applied; and (3) was denied the position under circumstances giving rise to an inference of discrimination. Howley v. Town of Stratford, 217 F.3d 141 (2nd Cir. 2000).

In the instant case, for purposes of this motion, it is undisputed that Plaintiff, as an African-American, is a member of a protected class. However, because the plaintiff has failed to establish evidence that she was qualified for the position for which she applied, I find that plaintiff has failed to establish the second element of a prima facie case of discriminatory failure to promote. Additionally, Plaintiff offered not evidence that her failure to receive a promotion occurred under circumstances giving rise to an inference of discrimination. I therefore find that plaintiff has failed to state a prima facie case of racial discrimination.

Plaintiff has failed to show that she met the requirements to be promoted from Level I Packaging Associate to Level II Packaging Associate. It is undisputed that Plaintiff was aware of CooperVision's requirements for promotion under the JLP program. These requirements include being trained in five or more operations and being on no active disciplinary action. It is further undisputed that Plaintiff was only trained on four operations at the time of her termination. In fact, Plaintiff admits that CooperVision attempted to train her on a fifth operation, but she

7

refused training due to dissatisfaction with the trainer assigned. Further, Plaintiff does not dispute that she was on active disciplinary action from the time JLP rolled out until her termination. Therefore, she was never qualified for promotion to Level II employee.

Plaintiff further claims that she was discriminated against due to not being promoted under the pre-JLP rollout requirements in 2009, which Plaintiff failed to raise in her EEOC Charge. Under Title VII, Plaintiff must exhaust administrative remedies prior to bringing suit in federal court. <u>Deravin v. Kerik</u>, 335 F.3d 195, 200 (2d Cir. 2003). Even if Plaintiff had asserted this claim in her EEOC Charge, the allegations would have been time-barred. Title VII provides that claims for discrimination must be brought within 300 days of the date on which the alleged discrimination occurred. Thus, under Title VII, courts do not have jurisdiction over claims of discrimination which occurred more than 300 days prior to the date on which an administrative charge of discrimination was filed. Here, Plaintiff filed her EEOC Charge on July 19, 2011. Thus, allegations of discrimination occurring prior to September 22, 2010 are time-barred.

Additionally, Plaintiff claims that the circumstances in which she was denied promotion create an inference of racial discrimination. However, Plaintiff offers no evidence other than her own subjective belief that Defendant's promotion decisions were

8

based on race. This is insufficient to raise a question of fact. See Lunts v. Rochester City Sch. Dist., 07-CV-6272T, 2011 WL 4074574 (W.D.N.Y. Sept. 13, 2011) aff'd, 515 F. App'x 11 (2d Cir. 2013) cert. denied, 134 S. Ct. 429 (U.S. 2013). Additionally, CooperVision made clear the criteria for promotion, and Duncan admits that she did not fit within those requirements. Further, no other employees on Duncan's shift were promoted under the JLP program, and there is no evidence of similarly situated individuals who were treated differently than Duncan. Accordingly, I find no evidence that could lead a reasonable trier of fact to conclude that Duncan's lack of promotion raises an inference of discrimination.

Even assuming arguendo that Duncan has stated a prima facie case of failure to promote against CooperVision, plaintiff has failed to rebut the legitimate, non-discriminatory reason proffered by Defendant for not promoting her. Specifically, CooperVision contends that Plaintiff was not promoted because she was on active disciplinary action, and was not trained on the required number of operations.

Duncan has failed to rebut CooperVision's proffered reason for failing to promote her. She has failed to establish that the reason offered by CooperVision is pretextual, or that discrimination was the real reason for her failure to be promoted. CooperVision adopted a promotion policy affecting all employees,

9

and there is no evidence that the policy was applied unfairly, or in a discriminatory manner.

    C.   <u>Plaintiff's Discriminatory Discharge Claims</u>

In order to establish a <u>prima facie</u> case of employment discrimination, Plaintiff must show that (1) she belongs to a protected class, (2) she was performing his duties satisfactorily, (3) she was discharged, and (4) her discharge occurred under circumstances giving rise to an inference of discrimination. <u>See McLee v. Chrysler Corp.</u>, 109 F.3d 130, 134 (2d Cir. 1997).

In the instant case, Plaintiff has failed to state a <u>prima facie</u> case of employment discrimination. While it is uncontested that Plaintiff is a member of a protected class and suffered an adverse employment action because she was terminated, she has failed to establish that she was performing her duties satisfactorily or to show an inference of discrimination.

Beginning with the second prong of the <u>prima facie</u> inquiry, the determination of whether an employee has performed her job in a satisfactory manner is based on the employer's criteria. <u>Stephens v. State Univ. of New York at Buffalo</u>, 11 F. Supp. 2d 242, 248 (W.D.N.Y. 1998) (internal citations omitted). If there is no evidence that the criteria was applied in bad faith, the judge need not inquire as to the reasonableness of the criteria. <u>Id.</u>

Here, CooperVision had a progressive discipline process. The process began with counseling, and was escalated to a written

10

warning, followed by a final written warning, and ending with termination. This discipline process was used for attendance issues, performance issues, or a combination thereof. Here, it is undisputed that Plaintiff violated both the Defendant's attendance policy as well as the company's operating procedures leading to disciplinary action. Further, there is no indication that this policy was adapted in bad faith. Where, as here, a Plaintiff has chronic attendance and tardiness problems for which she is repeatedly counseled and disciplined following a company's established procedures, the plaintiff fails to establish that a reasonable trier of fact could determine that she performed her job satisfactorily. See, e.g., Stephens, 11 F. Supp. 2d at 248. Therefore, I find that Plaintiff failed to establish the second prong of the prima facie discrimination inquiry.

The fourth prong of the prima facie inquiry requires the Plaintiff to establish that there is sufficient evidence to allow a reasonable trier of fact to infer a discriminatory motive. See McLee, 109 F.3d at 135. This can be shown by evidence that similarly situated employees outside the protected class were not terminated. See Stephens, 11 F. Supp. 2d at 249.

Here, there is no evidence that Plaintiff was treated differently than other employees for her attendance and performance issues. In fact, Defendant offered evidence that in August 2011, a Caucasian male (also on a final written warning) was terminated

11

for the same reason Plaintiff was terminated.  Accordingly, I find that there is no evidence in the record sufficient to allow a reasonable trier of fact to infer a discriminatory motive for Plaintiff's termination.

Even assuming <u>arguendo</u> that Plaintiff has stated a <u>prima facie</u> case of discriminatory termination against CooperVision, plaintiff has failed to rebut the legitimate, non-discriminatory reason proffered by Defendant for terminating Plaintiff's employment.  Specifically, CooperVision contends that Plaintiff's employment was terminated pursuant to a progressive disciplinary structure that had been in place for years.

Plaintiff has failed to rebut CooperVision's proffered reason for terminating her.  She has failed to establish that the reason offered by CooperVision is pretextual, or that discrimination was the real reason for her termination.  CooperVision adopted a policy affecting all employees, and there is no evidence that the policy was applied unfairly, or in a discriminatory manner.

III. <u>Plaintiff has failed to establish a claim of Retaliation</u>

Plaintiff claims that Defendant fired her in retaliation for complaining of discrimination against her.  To state a claim for unlawful discrimination based on retaliation, Plaintiff must establish that: (1) she was engaged in an activity protected under Title VII; (2) the employer knew of the activity; (3) the employer took an adverse employment action against her; and (4) that a

causal connection exists between the plaintiff's protected activity and the adverse employment action. <u>Raniola v. Bratton</u>, 243 F.3d 610 (2nd Cir. 2001).

In regards to the <u>prima facie</u> case of retaliatory discharge, it is undisputed that Plaintiff took an adverse employment action against Plaintiff.  The parties disagree however, as to whether Plaintiff engaged in protected activity under Title VII and if so, whether Defendant knew about it.  The parties also disagree as to whether or not there was a causal connection between the alleged protected activity and Plaintiff's termination.

Title VII prohibits retaliation by an employer against an employee in cases where the employee has engaged in protected activity under the statute.  "Protected activity" includes opposing employment practices that are prohibited under Title VII (such as discrimination based on race, color, religion, sex, or national origin), or making a charge of discrimination, or participating in any investigation, proceeding, or hearing arising under Title VII. 42 U.S.C. 2000e-3(a). <u>See also</u>, <u>Cruz v. Coach Stores, Inc.</u>, 202 F.3d 560, 566 (2nd Cir., 2000)("The term 'protected activity' refers to action taken to protest or oppose statutorily prohibited discrimination.").  Here, Plaintiff alleges she engaged in protected activity when she spoke to a supervisor and Director of Packaging Operations, Viele, about how she believed promotions were being based upon "preferential treatment."  Although Plaintiff did

13

not mention what this treatment was based upon, or that she felt discriminated against, she did recite the names of Caucasian employees who were promoted, and stated that "you know what it looks like." Accordingly, I find that a reasonable jury could find that Plaintiff was involved in protected activity and that Defendant was aware of it.

Plaintiff claims there was a causal connection between her complaints regarding promotions and Defendant's decision to discharge her. In order to show a causal connection, the temporal proximity between the protected activity and the adverse employment action must be "very close." Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001). Here, nine months elapsed between Plaintiff's discussion with Viele and her termination. A Nine month delay between protected activity and retaliatory action, however, does not constitute close temporal proximity for the purposes of a retaliatory discharge claim. See, e.g., Piston v. Cnty. of Monroe, 08-CV-6435P, 2012 WL 4490652 *14 (W.D.N.Y. Sept. 27, 2012) (noting seven month lapse insufficient to infer causal connection). Accordingly, I find that Plaintiff has failed to state a prima facie case of retaliation against CooperVision, because there is no evidence that there was a causal connection between Plaintiff's protected activity and her discharge.

Even assuming arguendo that Plaintiff has stated a prima facie case of retaliatory discrimination against CooperVision, plaintiff

has failed to rebut the legitimate, non-discriminatory reason proffered by Defendant for terminating Plaintiff's employment. Specifically, CooperVision contends that Plaintiff's employment was terminated pursuant to a progressive disciplinary structure that had been in place for years.

Plaintiff has failed to rebut CooperVision's proffered reason for terminating her. She has failed to establish that the reason offered by CooperVision is pretextual, or that discrimination was the real reason for her termination. CooperVision adopted a policy affecting all employees, and there is no evidence that the policy was applied unfairly, or in a discriminatory manner. Accordingly, I grant Defendant's motion for summary judgement with respect to Plaintiff's retaliation claim.

## CONCLUSION

For the reasons set forth above, Defendants' motions for summary judgment are granted, and Plaintiff's complaint is dismissed with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated: Rochester, New York
December 6, 2013